## CHATTERS v. SPIRO

---

(Feb. 24, 1928. Opinion and Decree.)

---

(Syllabus by the Court)

1. **Louisiana Digest—Interest—Par. 27, 39; Bills and Notes—Par. 53.**
Where a Notary, acting for a mortgagee, and in order to clear the title, without knowledge or consent of the mortgagor, pays the principal and a year's interest on a prior mortgage, bearing upon the property, though only four months' interest has actually accrued, out of the avails of the mortgage, the holder of the prior mortgage will be obliged to restore the unearned interest at the suit of the mortgagor, unless he can prove an extension of the mortgage note for one year, and the burden of proof is upon said prior mortgage holder to establish the extension.

Appeal from the First City Court, Div. "A". Hon. W. Alexander Bahns, Judge.

Action by Aaron B. Chatters against Louis Spiro.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

H. L. Hammett, of New Orleans, attorney for plaintiff, appellee.

Edw. Spiro, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Plaintiff borrowed from defendant $3500, for which he issued his promissory note secured by mortgage, payable in one year. When the note matured he paid the interest and claims to have had an agreement with his debtor to the effect that he might retire the note at the conclusion of certain negotiations then pending, for a new mortgage upon payment of principal and interest then due. When the new mortgage was consummated, four months' interest had accrued on the first mortgage, but the mortgagee, defendant herein, claimed that the note had been renewed for one year, and insisted upon a full year's interest as a condition of surrendering the note. The new mortgagee, through his notary, paid the year's interest, out of the proceeds coming to plaintiff, in order to clear the property. This suit is for the return of eight months' interest paid for account of plaintiff in the manner stated.

The question presented is whether the note was extended for one year as claimed by defendant, or whether it was agreed that it should be held in statu quo until the conclusion of the pending negotiations.

Defendant relies entirely upon an endorsement on the note placed there by his son, Edward Spiro, an attorney, who, at the time, represented both plaintiff and defendant in this and another transaction. This endorsement purports to extend the note, but defendant has failed to take the stand, and deny the agreement testified to by plaintiff, in fact, did not testify at all. Moreover, plaintiff is not shown to have had any knowledge of the endorsement having been made on the note. Edward Spiro testified that plaintiff asked for a year's extension, but his testimony is opposed by plaintiff, who denies the statement. The burden of proof rests upon defendant, and it has not been sustained. This was the view of the trial court and it is ours. The judgment appealed from must be affirmed.